Per Curiam.

Plaintiffs sued for defendant’s alleged breach of a claimed contract by defendant as' seller to deliver to plaintiff, buyer, certain rayon tow targets at the price of $27,70.6. Defendant denied the contract and set up the Statute of Frauds.
On defendant’s appeal from an order denying defendant’s motion for summary judgment, plaintiffs admit that the claimed sales agreement between the parties is entirely in writing consisting of the written documents annexed to plaintiffs’ bill of particulars including the invoice and plaintiffs’ letter dated February 12, 1947. For the purpose of the appeal, we assume *571 that the invoice was signed and returned by plaintiffs to defendant.
For the contract to be binding on defendant, the party to be charged, the statute required that it be in writing. Plaintiffs’ letter of acceptance of February 12th must be read with the invoice. The letter is clear and unambiguous; it accepts defendant’s offer subject to conditions of purchase that materially varied tlie terms of the offer and placed on defendant onerous conditions not contained in the offer. Acceptance of an offer of sale must be unqualified and complete to bind the seller; the purported acceptance herein which materially modified the offer is by its terms a counteroffer. Under the parol evidence rule and the Statute of Frauds, plaintiff cannot adduce evidence of oral agreements or conversations that change and contradict both defendant’s written offer of sale and plaintiffs’ written letter of acceptance.
The order appealed from should be reversed, with $20 costs and disbursements to appellant and an order entered granting defendant’s motion for summary judgment.
Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.